**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

STARDOCK SYSTEMS, INC.,
a Michigan Corporation,

Plaintiff,

v.

ALEXANDRA MISETA,
an individual,

Defendant.

Case No. 2:12-cv-13345
Hon. Sean F. Cox
Magistrate Judge R. Steven Whalen

---

**DEFENDANT'S ANSWER TO**
**PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

**AND**

**DEMAND FOR JURY TRIAL**

---

Defendant, Alexandra Miseta, by and through her attorneys, Fieger, Fieger, Kenney, Giroux & Danzig, P.C., states as and for her Answer to Plaintiff's Complaint and Affirmative Defenses, and Demand for Jury Trial, as follows:

**<u>Parties, Jurisdiction And Venue</u>**

1. In response to Paragraph 1 of the Complaint, Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

2. In response to Paragraph 2 of the Complaint, Defendant admits that she is a resident of Ann Arbor, Michigan.

3. In response to Paragraph 3 of the Complaint, Defendant admits only that Plaintiff purports to assert a single claim that arises under the laws of the United States.

However, Defendant denies that this court has jurisdiction of Plaintiff's claims or that Defendant is liable to Plaintiff in any way. Moreover, there exists a binding arbitration agreement governing all of Plaintiff's claims. Thus, this case must be dismissed or stayed, and ordered to arbitration.

4. Denied for the reasons set for in response to Paragraph 3 above.
5. Denied for the reasons set for in response to Paragraph 3 above.

**Background Facts**

6. Admit.
7. Admit.
8. Admit.
9. Admit.
10. Admit.
11. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.
12. Admit.
13. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.
14. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.
15. Defendant admits only that she maintained the referenced information, but further answers that such information was also maintained at Plaintiff, including by various other employees.

16. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.
17. Denied in the form and manner stated. In answering further, Defendant was terminated (constructively discharged) by Plaintiff. In answering further, Defendant was responsible, in part, along with other employees of Plaintiff, for marketing efforts of Elemental. Defendant denies that Elemental was "greatly anticipated" by a worldwide market.
18. Defendant admits that she, along with other employees of Plaintiff, had some of the marketing responsibilities listed herein.
19. Denied in the form and manner as stated. In answering further, they were not critical to the success or failure of Elemental, rather, the functionality/playability of Elemental was what was critical to its success or failure. Unfortunately, the functionality/playability of Elemental, or lack thereof, was the reason for its failure.
20. Denied in the form and manner as stated. See also answer to paragraph 19 above.
21. Denied in the form and manner as stated. Rather, Defendant was terminated, via a constructive discharge, by Plaintiff on August 3, 2010.
22. Denied in the form and manner as stated. Rather, Defendant was terminated, via a constructive discharge, by Plaintiff on August 3, 2010. In answering further, well in advance of her termination from Plaintiff, Defendant informed numerous employees that were on her team at Plaintiff that she would be separating from her employment.
23. Denied for the reason the allegations are untrue.

24. Denied for the reason the allegations are untrue.

25. Denied for the reason the allegations are untrue.

26. Denied for the reason the allegations are untrue.

27. Denied for the reason the allegations are untrue.

28. Denied for the reason the allegations are untrue.

29. Denied for the reason the allegations are untrue.

30. Denied for the reason the allegations are untrue.

31. Denied for the reason the allegations are untrue.

32. Denied for the reason the allegations are untrue.

33. Defendant denies the allegations in the form and manner stated. In answering further, although Defendant engaged in side businesses during her employment with Plaintiff, her doing so did not violated any of Plaintiff's policies or rules.

**Count I – Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(5)**

34. Defendant incorporates by reference each and every answer stated in response to paragraphs 1 through 33 as if fully set forth and repeated herein.

35. Denied for the reason the allegations are untrue.

36. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

37. Denied for the reason the allegations are untrue, namely, that Plaintiff did not destroy any data or information.

38. Denied for the reason the allegations are untrue.

39. Denied for the reason the allegations are untrue.

40. Denied for the reason the allegations are untrue.

41. Denied for the reason the allegations are untrue.

**WHEREFORE**, Defendant requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety and award Defendant such other relief as the Court deems just and equitable, including an award of attorney fees incurred therein defending against these frivolous claims.

**Count II – Common Law Conversion**

42. Defendant incorporates by reference each and every answer stated in response to paragraphs 1 through 41 as if fully set forth and repeated herein.
43. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, particularly as to what "immediate possession" means.
44. Denied for the reason the allegations are untrue.
45. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. In answering further, such materials were not critical to the success or failure of Elemental, rather, the functionality/playability of Elemental was what was critical to its success or failure. Unfortunately, the functionality/playability of Elemental, or lack thereof, was the reason for its failure.
46. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein, particularly as to what "immediate possession" means. In answering further, Defendant states that she left the Laptop in Plaintiff's office at the time of her termination.
47. Denied for the reason the allegations are untrue.

48. Denied for the reason the allegations are untrue.

**WHEREFORE**, Defendant requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety and award Defendant such other relief as the Court deems just and equitable, including an award of attorney fees incurred therein defending against these frivolous claims.

**Count III – Statutory Conversion**

49. Defendant incorporates by reference each and every answer stated in response to paragraphs 1 through 48 as if fully set forth and repeated herein.
50. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.
51. Denied for the reason the allegations are untrue.
52. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. In answering further, such materials were not critical to the success or failure of Elemental, rather, the functionality/playability of Elemental was what was critical to its success or failure. Unfortunately, the functionality/playability of Elemental, or lack thereof, was the reason for its failure.
53. Denied for the reason the allegations are untrue, namely, that Defendant did not commit any of the alleged acts, and Plaintiff did not suffer any damages as a result thereof.

**WHEREFORE**, Defendant requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety and award Defendant such other relief as the Court deems just

and equitable, including an award of attorney fees incurred therein defending against these frivolous claims.

**Count IV – Breach of Fiduciary Duty**

54. Defendant incorporates by reference each and every answer stated in response to paragraphs 1 through 53 as if fully set forth and repeated herein.
55. Admit.
56. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. In answering further, marketing and promotional efforts were a collective effort of various employees of Plaintiff; that those employees had full access to Elemental marketing materials; that the Elemental marketing materials were not critical to the success or failure of Elemental, rather, the functionality/playability of Elemental was what was critical to its success or failure; and, unfortunately, the functionality/playability of Elemental, or lack thereof, was the reason for its failure.
57. Defendant states that she lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein. In answering further, to the extent she owed such duties, Defendant did not violate any of them.
58. Denied for the reason the allegations are untrue.
59. Denied for the reason the allegations are untrue.
60. Denied for the reason the allegations are untrue.
61. Denied for the reason the allegations are untrue.

**WHEREFORE**, Defendant requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety and award Defendant such other relief as the Court deems just and equitable, including an award of attorney fees incurred therein defending against these frivolous claims.

**Count V – Breach of Contract – Non-Disclosure Agreement**

62. Defendant incorporates by reference each and every answer stated in response to paragraphs 1 through 61 as if fully set forth and repeated herein.
63. Admit.
64. Defendant admits only that the document speaks for itself.
65. Denied for the reason the allegations are untrue.
66. Denied for the reason the allegations are untrue.
67. Denied for the reason the allegations are untrue.

**WHEREFORE**, Defendant requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety and award Defendant such other relief as the Court deems just and equitable, including an award of attorney fees incurred therein defending against these frivolous claims.

Respectfully submitted,

/s/ Thomas R. Warnicke
GEOFFREY N. FIEGER (P30441)
THOMAS R. WARNICKE (P47148)
Attorneys for Plaintiff
Fieger, Fieger, Kenney, Giroux & Danzig, P.C.
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial in this case, including for all claims that may be tried before a jury.

Respectfully submitted,

/s/ Thomas R. Warnicke
GEOFFREY N. FIEGER (P30441)
THOMAS R. WARNICKE (P47148)
Attorneys for Plaintiff
Fieger, Fieger, Kenney, Giroux & Danzig, P.C.
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555

**AFFIRMATIVE DEFENSES**

Defendant, Alexandra Miseta, by and through her attorneys, Fieger, Fieger, Kenney, Giroux & Danzig, P.C., states as and for her Affirmative Defenses as follows:

1. There exists a written agreement to arbitrate. Thus, this entire claim should be dismissed and/or stayed, and order to binding arbitration.
2. Plaintiff's Complaint is barred, in whole or in part, because it fails to state a claim upon which relief may be granted.
3. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations period, contractual limitations period, and/or jurisdictional prerequisites.
4. This court does not have subject matter jurisdiction.
5. Defendant acted at all times within the bounds of good faith.
6. Defendant never violated any fiduciary duties she may have had.
7. Plaintiff has suffered no damages and/or has failed to mitigate its alleged damages, entitlement to which is expressly denied.
8. Plaintiff's claims are barred in whole or in part because Defendant did not violate any statutory or common law.
9. The proximate cause of any injury or damages to Plaintiff, if any, was not the action of Defendant.
10. Plaintiff's claims are barred, in whole or in part, by Plaintiff's own actions.
11. Defendant objects to the misjoinder and/or failure to join all claims.

12. Plaintiff is estopped from bringing or maintaining its Complaint by reason of its own actions, omissions, statements, and/or conduct and the doctrine of unclean hands.
13. Plaintiff should be estopped from bringing of maintaining its Complaint because it has pursued these claims for over 1 ½ years in arbitration.
14. Plaintiff's Complaint is barred, in whole or in part, because Plaintiff failed to take advantage of preventative/corrective opportunities provided or to avoid harm.
15. Plaintiff's Complaint is barred, in whole or in part, because at all relevant times, Defendant acted in good faith and with the reasonable belief that she was in compliance with all applicable statutory and common law.
16. Plaintiff's Complaint is barred, in whole or in part, under the statute of frauds.
17. Plaintiff's Complaint is barred, in whole or in part, under the doctrines of estoppels, waiver and/or laches.
18. Defendant has satisfied and discharged all obligations owed to Plaintiff.
19. Plaintiff is not entitled to the damages it seeks.
20. By raising the above affirmative defenses, Defendant expressly does not assume any burden of proof that applicable substantial law may place on Plaintiff.
21. Defendant reserves the right to amend these affirmative defenses and/or add affirmative defenses.

Respectfully submitted,

/s/ Thomas R. Warnicke
GEOFFREY N. FIEGER (P30441)
THOMAS R. WARNICKE (P47148)
Attorneys for Plaintiff