UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STARDOCK SYSTEMS, INC.,
a Michigan Corporation,

    Plaintiff,

v.

ALEXANDRA MISETA,
an individual,

    Defendant.

Case No. 2:12-cv-13345
Hon. Patrick J. Duggan
Magistrate Judge R. Steven Whalen

---

**DEFENDANT'S MOTION FOR RECONSIDERATION OF OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, TO COMPEL ARBITRATION**

**AND**

**REQUEST FOR ORAL ARGUMENT**

---

Defendant, Alexandra Miseta, respectfully brings this motion for reconsideration and request for oral argument, pursuant to LR 7.1(h), of this Court's "Opinion and Order Denying Defendant's Motion for Summary Judgment, or in the Alternative, Motion to Compel Arbitration." (Doc # 24). Concurrence in the relief requested herein was sought but not obtained.

### INTRODUCTION

As set forth herein, there was a palpable defect by which this Court was misled, whereby correcting the defect will result in a different disposition of the case.

## ARGUMENT

### A. Section 7.06 Contains Reciprocal Language Requiring Stardock to be Bound by the 2Arbitration Agreement.

Simply put, Plaintiff's assertion that it was not bound by "Section 7.06 - Binding Arbitration" to bring its claims against Defendant in binding arbitration constituted a palpable defect which misled this Court. In fact, this Court's Opinion and Order clearly evidences that it was misled by Plaintiff's argument in this regard. As such, the defect must be corrected, which necessarily results in a different disposition of this case (i.e. Plaintiff is bound to submit their claims to binding arbitration).

More specifically, as set forth in Section 7.06 (attached hereto as Exhibit A), Stardock and Miseta were **both** unequivocally required to submit any claims they had against each other to arbitration. There can be no dispute that Section 7.06 mandates the following:

> "7.06 BINDING ARBITRATION
>
> ANY AND ALL CAUSES OF ACTION, CLAIMS, DISPUTES AND CONTROVERSIES FOR MONETARY DAMAGES AND/OR EMPLOYMENT RELATED MATTERS INCLUDING, BUT NOT LIMITED TO, ANY AND ALL CLAIMS RELATED TO TERMINATION OF EMPLOYMENT AND DISCRIMINATION AGAINST STARDOCK AND/OR ITS AFFILIATES, SHALL BE ARBITRATED PURSUANT TO THE PROCEDURES AND RULES OF THE AMERICAN ARBITRATION ASSOCIATION. <u>STARDOCK OR AN EMPLOYEE MUST MAKE A WRITTEN DEMAND FOR ARBITRATION WITHIN SIX (6) MONTHS AFTER THE CLAIM, DISPUTE OR CONTROVERSY ARISES, BY SENDING WRITTEN NOTICE OF DEMAND TO ARBITRATE TO THE AMERICAN ARBITRATION ASSOCIATION, TOGETHER WITH A COPY TO THE OTHER PARTY.</u> (Underlined Emphasis Added). THE DISPUTE SHALL THEN BE ARBITRATED IN ACCORDANCE WITH THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES OF THE AMERICAN ARBITRATION ASSOCIATION. THE ARBITRATION SHALL TAKE PLACE AT THE LOCAL OFFICE OR HEARING CENTER OF THE AMERICAN ARBITRATION ASSOCIATION THAT IS CLOSEST TO STARDOCK'S PLACE OF BUSINESS. IN THE DISPOSITION OF THE DISPUTE, THE ARBITRATOR SHALL BE GOVERNED BY THE EXPRESS PROVISIONS OF THIS EMPLOYEE HANDBOOK AND OTHERWISE BY THE LAWS OF THE STATE OF

MICHIGAN, WHICH SHALL GOVERN THE INTERPRETATION OF THE EMPLOYEE HANDBOOK. THE DECISION OR AWARD OF THE ARBITRATOR SHALL BE FINAL AND BINDING ON THE PARTIES, AND SHALL AND SHALL BAR ANY SUIT, ACTION OR PROCEEDING INSTITUTED IN ANY STATE OR FEDERAL COURT, OR BEFORE ANY ADMINISTRATIVE AGENCY OR TRIBUNAL. JUDGMENT MAY BE ENTERED IN ANY COURT OF COMPETENT JURISDICTION."

As set forth in the above underlined section, the only clear and logical interpretation to determine which parties were bound to submit their claims to arbitration can only be those that were specifically stated – Stardock or an Employee. Again,

**STARDOCK** OR AN EMPLOYEE MUST MAKE A WRITTEN DEMAND FOR ARBITRATION WITHIN SIX (6) MONTHS AFTER THE CLAIM, DISPUTE OR CONTROVERSY ARISES, BY SENDING WRITTEN NOTICE OF DEMAND TO ARBITRATE TO THE AMERICAN ARBITRATION ASSOCIATION, TOGETHER WITH A COPY TO THE OTHER PARTY.

Thus, there can be no dispute that the arbitration agreement between the parties mandated that STARDOCK **OR** AN EMPLOYEE must make a demand for arbitration within 6 months after the claim, dispute or controversy arose. Clearly, Section 7.06 included additional language that was not contained within Section 7.07. Thus, while Defendant concedes for the purposes of this Motion that Section 7.07 appears to apply to claims brought by an Employee against Stardock, Section 7.06 added reciprocal language that required Stardock to also bring any claims that it had against Employee in binding arbitration.

To put it another way, Section 7.06 clearly contemplated and set forth Stardock's procedural filing requirements, even in circumstances in which an Employee (such as Ms. Miseta) never brought any claims against Stardock at all. Again, Stardock was required by the contract to bring any and all claims it had against an Employee, within 6 months, in AAA arbitration.

3

In fact, the last section of the above quoted section required Stardock to send a written notice of demand to arbitrate to the AAA, **together with a copy of the other party.** Significantly, this language contained reciprocal notice and service of process requirements for <u>both</u> parties. There can be no dispute that the referenced language in the Agreement was not a "one-way" agreement that bound only Defendant, as Plaintiff has misled this Court. If there was a "one-way" agreement binding only Ms. Miseta, the agreement's language would have read: "Employee must make a written demand for arbitration to AAA, and Employee must send a copy to Stardock." To the contrary, the agreement contemplated **either** Stardock or the Employee making a claim, and expressly set forth that the submitting party had to put it in writing to AAA, and also send a copy to the other party. Thus, even if Ms. Miseta had never made a claim against Stardock, Stardock was still bound by this unequivocal reciprocal language.

This reciprocal language is further supported by a fair reading of the first sentence of Section 7.06, which begins with: "Any and all causes of action, claims, dispute and controversies for monetary damages . . . ." Thus, that part of the sentence establishes the arbitration contract applies to any action at law, and excludes only actions in equity. The first sentence then continues with: "and/or . . . ." "And/or" is a conjunction that means either or both can apply. The placement of the "and/or" conjunction separates as standing alone the expansive scope of subject matter set forth in the beginning of the first sentence (any and all causes of action, etc.) from the next portion of the first sentence of Section 7.06 pertaining to ". . . employment related matters, including, but not limited to, any and all claims related to termination of employment and discrimination against Stardock and/or its affiliates,".

After the comma, the first sentence concludes with "<u>shall</u> be arbitrated pursuant to the procedures and rules of the AAA." The placement of the comma after "against Stardock and/or

4

its affiliates," separates the language "shall be arbitrated" from the language before the comma, which establishes that both "any and all claims" and employment claims shall be arbitrated. The language "against Stardock and/or its affiliates" is not a limitation of the "any and all causes of action" set forth in the beginning of the sentence before the "and/or" conjunction, but instead an example of the type of claim that is also subject to arbitration.

Likewise, Section 7.06 also requires that Stardock arbitrate "any and all causes of action." After the first sentence of Section 7.06 establishes that any and all actions at law must be arbitrated, the second sentence of Section 7.06 then describes and limits how Stardock can initiate an arbitration claim. This language is evidence that Stardock intended to have its claims subject to arbitration when it offered these terms to Ms. Miseta.

Therefore, the terms of the arbitration contract evidenced by the Receipt and Understanding and Sections 7.06 and 7.07 are clear and unambiguous. Essentially, 7.06 required <u>both</u> parties to submit all claims it had against each other to AAA arbitration. In the most liberal interpretation in favor of the drafting party (Stardock), 7.07 merely re-states the language in 7.06 that requires an Employee to submit claims to arbitration. The fact that 7.07 is duplicative as to the Employee's requirement to submit its claims to arbitration does not void or undo the specific requirements in 7.06 that required Stardock to also bring its claims in AAA arbitration. In fact, the Receipt and Understanding sets forth a **third** time that an Employee must bring its claims in arbitration. However, even if the Handbook sections, Receipts and Understandings, etc., stated and re-stated a Million times over that an Employee had to bring its claims in AAA arbitration, Section 7.06 contained explicit reciprocal language that required Stardock to bring its claims in AAA arbitration. Stardock's requirement to bring its claims in arbiration was never waived,

5

voided or stricken in any documentation or agreement between the parties. Thus, Stardock is bound by the terms of its Agreement.

Lastly, in light of the above clarification and explanation of the reciprocal provisions of Section 7.06, the *Bennett v Cisco Sys., Inc.* case cited in this Court's Opinion and Order actually supports and favors Defendant's position. In fact, the Court in *Bennett* held that the at-issue arbitration agreement required the **Employer** and **Employee** to be bound by the arbitration agreement, even though the agreement did not expressly state that the Employer was bound by the agreement. Here, there is express language that requires Stardock to bring its claims against an Employee in arbitration.

B. **Even if Section 7.06 Conflicts with Section 7.07 and/or Creates an Ambiguity, the Extrinsic Evidence Supports the Parties Reciprocal Agreement to Arbitrate all Claims Against Each Other.**

To the extent this Court now finds ambiguity and looks to extrinsic evidence, summary judgment is still appropriate as set forth more fully in Defendant's original Motion for Summary Judgment and Reply Brief.

## CONCLUSION

For the above-stated reasons, Defendant Alexandra Miseta respectfully requests this Court re-consider her Motion for Summary Judgment, allow for oral argument, and grant her Motion.

Respectfully submitted,

*/s/ Thomas R. Warnicke*
Thomas R. Warnicke (P47148)
Attorney for Defendant
tom@warnickelaw.com

Dated: May 22, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2013, the foregoing paper was served upon all counsel of record in this matter, via the Court's electronic filing system. I declare the above statements to be true to the best of my information, knowledge and belief.

/s/ Thomas R. Warnicke
Attorney for Plaintiff

# EXHIBIT A

## 7.06 BINDING ARBITRATION

ANY AND ALL CAUSES OF ACTION, CLAIMS, DISPUTES AND CONTROVERSIES FOR MONETARY DAMAGES AND/OR EMPLOYMENT RELATED MATTERS INCLUDING, BUT NOT LIMITED TO, ANY AND ALL CLAIMS RELATED TO TERMINATION OF EMPLOYMENT AND DISCRIMINATION AGAINST STARDOCK AND/OR ITS AFFILIATES, SHALL BE ARBITRATED PURSUANT TO THE PROCEDURES AND RULES OF THE AMERICAN ARBITRATION ASSOCIATION. STARDOCK OR AN EMPLOYEE MUST MAKE WRITTEN DEMAND FOR ARBITRATION WITHIN SIX (6) MONTHS AFTER THE CLAIM, DISPUTE OR CONTROVERSY ARISES, BY SENDING WRITTEN NOTICE OF DEMAND TO ARBITRATE TO THE AMERICAN ARBITRATION ASSOCIATION, TOGETHER WITH A COPY TO THE OTHER PARTY. THE DISPUTE SHALL THEN BE ARBITRATED BY A SINGLE ARBITRATOR IN ACCORDANCE WITH THE NATIONAL RULES FOR THE RESOLUTION OF EMPLOYMENT DISPUTES OF THE AMERICAN ARBITRATION ASSOCIATION. THE ARBITRATION SHALL TAKE PLACE AT THE LOCAL OFFICE OR HEARING CENTER OF THE AMERICAN ARBITRATION ASSOCIATION THAT IS CLOSEST TO STARDOCK'S PLACE OF BUSINESS. IN THE DISPOSITION OF THE DISPUTE, THE ARBITRATOR SHALL BE GOVERNED BY THE EXPRESS PROVISIONS OF THIS EMPLOYEE HANDBOOK AND OTHERWISE BY THE LAWS OF THE STATE OF MICHIGAN, WHICH SHALL GOVERN THE INTERPRETATION OF THE EMPLOYEE HANDBOOK. THE DECISION OR AWARD OF THE ARBITRATOR SHALL BE FINAL AND BINDING ON THE PARTIES, AND SHALL BAR ANY SUIT, ACTION OR PROCEEDING INSTITUTED IN ANY STATE OR FEDERAL COURT, OR BEFORE ANY ADMINISTRATIVE AGENCY OR TRIBUNAL. JUDGEMENT ON ANY AWARD BY THE ARBITRATOR MAY BE ENTERED IN ANY COURT OF COMPETENT JURISDICTION.