UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN

**STARDOCK SYSTEMS, INC.**,
    a Michigan corporation,

                                       Case No. 2:12-cv-13345-PJD-RSW
    Plaintiff,                             Hon. Patrick J. Duggan

v.

**ALEXANDRA MISETA**,
    an individual,

    Defendant.

_____

| | |
|---|---|
| Paul P. Asker (P45098) | Thomas R. Warnicke (P47148) |
| Stacy L. Jitianu (P74873) | LAW OFFICES OF THOMAS R. |
| ASKER PERLMUTER PLC | WARNICKE, PLLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 32000 Northwestern Highway, Ste. 275 | 19390 West Ten Mile Rd. |
| Farmington Hills, MI 48334 | Southfield, MI 48075-2463 |
| (248) 419-5400 | (248) 355-5555 |

_____/

## PLAINTIFF'S MOTION TO COMPEL DISCOVERY

NOW COMES Plaintiff Stardock Systems, Inc. ("Plaintiff"), by and through its counsel, Asker Perlmuter, PLC, and for its Motion to Compel Discovery, states as follows:

1. Plaintiff served Defendant Alexandra Miseta ("Defendant") with: (1) Interrogatories and Requests for Admission, and (2) Requests for Production of Documents ("Requests for Production") (collectively, "Discovery Requests") on May 10, 2013. **Exhibit 1**.

2. Defendant has not properly served Plaintiff with Responses to its Discovery Requests. Although the parties have not agreed to service by electronic means, Defendant emailed copies of her: (1) "Answer to Plaintiff's First Interrogatories and Requests

for Admission", and (2) "Answer to Plaintiff's First Requests for Production of Documents" (collectively, "Answers") to Plaintiff on June 10, 2013.  **Exhibit 2**.

3. The "Answers" Defendant provided are woefully inadequate, as she: (1) failed to respond to several Interrogatories, (2) failed to provide complete responses to several Requests for Admission, and (3) failed to produce a single document.

4. In addition, Defendant's Answers contained numerous canned, irrelevant objections.

5. Specifically, Defendant failed to provide complete responses to the following Interrogatories and Requests for Admission:

    a. Interrogatory Number 3, asking Defendant to "identify any and all of your responsibilities with respect to the promotion and marketing of Elemental."

    b. Request for Admission Number 3, and Interrogatory Number 6, requesting an admission as to Defendant's access to Plaintiff's computer system and files saved therein, and the reasons for any denial.[1]

    c. Request for Admission Number 4, and Interrogatory Number 7, requesting an admission as to Defendant's decision to terminate her employment before accessing Plaintiff's computer system and files saved therein, and the reasons for any denial.

    d. Request for Admission Number 5, and Interrogatory Number 8, requesting an admission as to Defendant's nonperformance of any work for Plaintiff when accessing Plaintiff's computer system and files saved therein, and the reasons for any denial.

    e. Interrogatory Number 16, requesting <u>a list</u> of any and all employees which she alleged had "full access to Elemental marketing materials."  (**Exhibit 2**).

6. Defendant also failed to produce a single document in response to Plaintiff's Requests for Production, including:

---

[1] Fed. R. Civ. P. 36(a)(4) provides that, a denial "must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest."

    a. Request Number 1, seeking "All USB or portable media drives owned or provided by Stardock."

    b. Request Number 2, seeking "any and all communications involving, between, or among any of the parties or non-party to this litigation, with respect to the subject matter of any claim and/or defense asserted in this litigation."

    c. Request Number 3, seeking "any and all documents (written, electronic, or otherwise) in your possession which were prepared or created by you or others in the course of your employment at Stardock."

    d. Request Number 5, seeking "any and all documents referenced, referred to, or otherwise relied upon in responding to Plaintiff's Interrogatories and Requests for Admission."

    e. Request Number 6, seeking "any and all documents on which you intend to rely to support any claims or defenses in this litigation."

    f. Request Number 7, seeking "any and all computers, hard drives, flash drives, and any other electronic data storage devices owned or used by you at any time during your employment with Stardock to the present."

    g. Request Number 8, seeking "any and all documents regarding and/or relating to Stardock's trade shows."

    h. Request Number 9, seeking "any and all documents regarding, relating and/or referring to any and all products made or distributed by Stardock."

    i. Request Number 10, seeking "any and all reports and other documents relating to web analytics and/or marketing data created by you or anyone else for Stardock." (***Id.***).

7. In addition, in violation of Fed. Rule Civ. P. 33(b)(5), Defendant failed to sign the Interrogatories.

8. Defendant has also refused to be deposed in this matter, an issue which has necessitated Plaintiff's filing of another Motion to Compel.

9. The Court has set a deadline for Motions in this case of June 16, 2013. Defendant's refusal to provide full and complete responses to Plaintiff's Discovery Requests and

3

to be deposed in this matter has rendered Plaintiff unable to file necessary motions, including a Motion for Summary Judgment, by this deadline.

10. Under Fed. R. Civ. P. 33(b)(3), each interrogatory must "be answered separately and fully in writing under oath."

11. Under Fed. R. Civ. P. 34(b)(2), for each item or category of documents requested, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons."

12. Defendant has blatantly violated both of these Rules.

13. Federal Rule of Civil Procedure 37 permits a party to move for an order compelling discovery when a party fails to answer interrogatories and to permit inspection. Fed. R. Civ. P. 37(a)(1), 37(a)(3)(iii)-(iv).

14. Under Fed. R. Civ. P. 37(a)(5), if such a motion is granted, the court must "require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."

15. Moreover, Defendant has waived any objections she may have to the Discovery Requests. *Carfagno v. Jackson Nat'l Life Ins., Co.*, No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001)("As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection. . . . The court strongly condemns the practice of asserting boilerplate objections to every discovery request."); *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999)(Objections that are boilerplate in nature are tantamount to no objection at all).

16. Plaintiff has sought concurrence with Defendant on the relief requested herein. Defendant has failed to respond.

WHEREFORE, Plaintiff Stardock Systems, Inc. respectfully requests that this Honorable Court enter an Order: (1) compelling Defendant to provide full and complete responses to Plaintiff's Discovery Requests; (2) holding that Defendant has waived any and all objections to the Discovery Requests, and (3) awarding Plaintiff all costs associated with bringing the present Motion, including attorney fees.

Respectfully submitted,

ASKER PERLMUTER, PLC

Dated:  June 14, 2013

/s/ Stacy Jitianu
Stacy Jitianu (P74873)
Asker Perlmuter, PLC
Attorneys for Plaintiff
32000 Northwestern Hwy., Ste. 275
Farmington Hills, MI  48334
(248)419-5400
(248)419-5407 fax
sjitianu@AskerPerlmuter.com

**UNITED STATES DISTRICT COURT**
**IN THE EASTERN DISTRICT OF MICHIGAN**

**STARDOCK SYSTEMS, INC.**,
    a Michigan corporation,

                                                    Case No. 2:12-cv-13345-PJD-RSW
    Plaintiff,                                 Hon. Patrick J. Duggan

v.

**ALEXANDRA MISETA**,
    an individual,

    Defendant.

_____

| | |
|---|---|
| Paul P. Asker (P45098) | Thomas R. Warnicke (P47148) |
| Stacy L. Jitianu (P74873) | LAW OFFICES OF THOMAS R. |
| ASKER PERLMUTER PLC | WARNICKE, PLLC |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 32000 Northwestern Highway, Ste. 275 | 19390 West Ten Mile Rd. |
| Farmington Hills, MI 48334 | Southfield, MI 48075-2463 |
| (248) 419-5400 | (248) 355-5555 |

_____/

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

## Issue Presented

Defendant Alexandra Miseta ("Defendant") has failed to respond to Plaintiff Stardock Systems, Inc.'s ("Plaintiff") Interrrogatories, Requests for Admission, and Requests for Production of Documents ("Discovery Requests"). The issues presented herein are: (1) the necessity of an order requiring full and complete responses to the Discovery Requests; (2) Defendant's waiver of any and all objections thereto; and (3) the amount of costs and attorney fees Plaintiff should be awarded pursuant to Fed. R. Civ. P. 37(a)(5).

2:12-cv-13345-PJD-RSW   Doc # 32   Filed 06/14/13   Pg 8 of 9   Pg ID 392

For its Brief in Support, Plaintiff relies on its Motion to Compel Discovery, filed herewith, along with Fed. R. Civ. P. 36(a)(4), Fed. Rule Civ. P. 33(b)(5), Fed. R. Civ. P. 33(b)(3), Fed. R. Civ. P. 34(b)(2), Fed. R. Civ. P. 37(a)(1), 37(a)(3)(iii)-(iv), Fed. R. Civ. P. 37(a)(5), *Carfagno v. Jackson Nat'l Life Ins., Co.*, No. 99-118, 2001 WL 34059032, at *1 (W.D. Mich. Feb. 13, 2001), and *Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 587 (C.D. Cal. 1999).

        Respectfully submitted,

        ASKER PERLMUTER, PLC

Dated: June 14, 2013        /s/ Stacy Jitianu
        Stacy Jitianu (P74873)
        Asker Perlmuter, PLC
        Attorneys for Plaintiff
        32000 Northwestern Hwy., Ste. 275
        Farmington Hills, MI 48334
        (248)419-5400
        (248)419-5407 fax
        sjitianu@AskerPerlmuter.com

3

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 14, 2013, a copy of the foregoing papers were served upon counsel for Defendant by electronically filing the same with the Clerk of the Court using the ECF System, which will send notification of such filing to Tom Warnicke: Tom@warnicke.com.

I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

DATED:  June 14, 2013                         /s/ Stacy L. Jitianu
                                              ASKER PERLMUTER PLC
                                              Stacy L. Jitianu
                                              32000 Northwestern Highway, Ste. 275
                                              Farmington Hills, MI  48334
                                              (248) 419-5400
                                              (248)419-5407 (fax)
                                              sjitianu@askerperlmuter.com