# EXHIBIT 1



Attorneys &                                                          Paul P. Asker
Counselors                                                      Gary E. Perlmuter
                                                             Jessica Dopierala Hite
                                                                 Stacy L. Jitianu

May 10, 2013

**Mr. Thomas Warnicke,**                    *Via Email: tom@warnicke.com; and*
**Law Offices of Thomas R. Warnicke, PLLC**            *Via First Class Mail*
**30903 Northwestern Highway, Suite 250**
**Farmington Hills, MI 48334**

      **Re:**    **Stardock Systems, Inc. v. Alexandra Miseta**
               **United States District Court Case No.: 12-cv-13345**
               **Our File No.: 55006.016**

Dear Mr. Warnicke,

      Enclosed please find a copy of the Plaintiff's First Interrogatories and Requests for Admission and Plaintiff's First Requests for Production of Documents.

      Please do not hesitate to contact me should you have any questions or concerns.

                         Very truly yours,
                         ASKER PERLMUTER, PLC

                         Stacy L. Jitianu, Esq.

/ead
Enclosures

cc:    Gary E. Perlmuter, Esq. (w/enclosures; via e-mail)

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

**STARDOCK SYSTEMS, INC.,**
    a Michigan corporation,

    Plaintiff,

v.

**ALEXANDRA MISETA,**
    an individual,

    Defendant.

Case No. 2:12-cv-13345-PJD-RSW
Hon. Patrick J. Duggan

---

Paul P. Asker (P45098)
Stacy L. Jitianu (P74873)
Asker Perlmuter, PLC
Attorneys for Plaintiff
32000 Northwestern Highway, Ste. 275
Farmington Hills, MI 48334
(248) 419-5400

Thomas R. Warnicke (P47148)
Law Offices of Thomas R. Warnicke, PLLC
Attorneys for Defendant
30903 Northwestern Highway, Suite 250
Farmington Hills, MI 48334
(248) 930-4411

         /

---

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT

NOW COMES Plaintiff Stardock Systems, Inc. ("Plaintiff"), by and through its counsel ASKER PERLMUTER, PLC, and hereby submits its first Request for Production of Documents to Defendant Alexandra Miseta ("Defendant"):

### INSTRUCTIONS AND DEFINITIONS

The following Requests for Production of Documents are made pursuant to Fed. R. Civ. P. 34. Plaintiff is required to produce at the offices of Asker Perlmuter, PLC, 32000 Northwestern Highway, Suite 275, Farmington Hills, Michigan 48334, any designated Documents which are in the possession, custody or control of Plaintiff or Plaintiff's agents, representatives, insurance companies and/or attorneys for examination and copying within thirty (30) days after service of these requests.

A Request for Production of Documents ("Discovery Request") which refers to any correspondence or other Documents between Plaintiff and any other person shall be deemed to refer to any correspondence or other Documents between Plaintiff or any employee, agent, representative, insurance company and/or attorney of such Plaintiff and such other person(s) or their agents, representatives, insurance companies and/or attorneys. Documents shall be produced as they are kept in the normal course of business and shall be organized and labeled to correspond with the categories in the instructions and requests of this Discovery Request.

When used in this Discovery Request, the following terms shall have the following meanings:

A. "Plaintiff" or "Stardock" refers to, unless otherwise specified, Plaintiff Stardock Systems, Inc., and any subsidiaries, parent companies, agents, employees, or contractors.

B. "Defendant," "Ms. Miseta," "you" or "your" refers to, unless otherwise specified, Alexandra Miseta.

C. "Mr. Wardell" refers to, unless otherwise specified, Brad Wardell.

D. The term "describe in detail" means:

1. Describe fully by reference to underlying facts rather than by reference to ultimate facts or conclusions of fact or law;

2. Where applicable, particularize as to: (a) time; (b) place, and (c) manner; and

3. Set forth all relevant facts necessary to a complete understanding of the act, process, event or thing in question.

E. The term "document" shall mean all writings and other printed matter of every kind, including, but not limited to, books, records, manuals, statements, minutes, letters, correspondence, memoranda, reports, lists, studies, surveys, directives, agreements, contracts,

print-outs, telegrams, teletypes, telexes, telefaxes, pamphlets, notes, messages, bulletins, diary and calendar entries, maps, charts, medical records, medical charts, brochures, graphics, tabulations, press releases, address books, ledgers, invoices, bills, work sheets, trip reports, receipts, returns, prospectuses, financial statements, tax returns, schedules, affidavits, applications, resumes, canceled checks, checkbooks, check stubs, check ledgers, transcripts, statistics, magazine or newspaper articles or advertisements, releases, test reports and records of meetings, conferences, telephone conversations, or other conversations or communications (including any and all drafts, alterations and modifications, changes and amendments of any of the foregoing).

The term "document" shall also include non-printed matter such as voice recordings and reproductions, film impressions, photographs, negatives, slides, microfilms, microfiches, other things that document or record ideas, words or impressions.

The term "document" shall also include all punch cards, tapes, discs, or records used in electronic data processing, together with the programming instructions and other written materials necessary to understand or use such punch cards, tapes, discs, or other records, and further includes data or data compilations in electronic or other form that can be printed out or reproduced to readable or usable form through proper programming or decoding of the electronic or mechanical data storage facility.

F.    When identification of any person is requested, give such person's:

      1.    Name;

      2.    Current address;

      3.    Current telephone number; and

      4.    Employer, if any.

G.      "Person" or "person(s)" includes any individual, corporation, partnership, group, association or any other organization or entity.

H.      "Identify" shall mean as follows:

1.      When used in reference to a person,

(a)     if a natural person, to state his or her full name, his or her last known home address and telephone number, his or her last known business address and telephone number, his or her last known business and his or her last known employer and position.

(b)     if other than a natural person, to state its full name, type of entity (e.g., corporation, limited liability company, partnership, joint venture, sole proprietorship, etc.), its last known address and telephone number, the nature of its business, and identify the person in charge of the  principal office.

2.      When used in reference to a document, to state the type of document (e.g., letter, memorandum, telegram, chart, etc.), its date and to identify each person who prepared it, who received it, who executed it, and who presently has possession, custody, or control of it, or, if none, who last had possession, custody or control of it, and a description of its contents.  In lieu of such identification, you may produce such documents for inspection and copying at the time you file Answers to these Discovery Requests; provided, however, that all documents produced shall be segregated and identified by the Discovery Requests to which they are primarily responsive.

3.      When used in reference to a communication, to state the manner of the communication (e.g., personal meeting, telephone conversation, in writing) and:

(a)     If it is a personal meeting:

        (i)      state the date on which the meeting occurred;

        (ii)     state the place at which the meeting occurred;

        (iii)    identify the person at whose insistence the meeting occurred; and

        (iv)    identify the persons present at the meeting.

    (b)    If a telephone conversation:

        (i)      state the date on which the conversation occurred;

        (ii)     identify the person who initiated the conversation by telephone;

        (iii)    identify the persons who participated in the conversation; and

        (iv)    the telephone numbers of all phones used in the conversation.

    (c)    If in writing, identify the document.

    (d)    Describe in detail the substance of the communication including its subject matter, purpose and result.

    (e)    Identify all documents which contain information about, refer or relate to the communication (other than the writing referred to in subparagraph (c)).

    4.    When "identify" is used in reference to anything other than "document", "person" or "communication" or when the following Requests ask you to "describe", "state", "explain", "define", or to do something of similar implication, state every fact which concerns or is connected with any such thing. Specifically, explain fully any reference to underlying facts rather than by reference to ultimate facts or conclusions of fact or law; where applicable,

particularize as to time, place, and manner; and set forth all facts necessary to the complete understanding of the act, process, event or thing in question.

     I.     When requested to state the factual basis of any allegation, identify each occurrence, incident, event or fact upon which you rely to support such allegation, including:

        1.   The date;

        2.   The place;

        3.   The substance of each occurrence, incident, event and fact;

        4.   Identification of each person who participated in the occurrence, incident, event and fact;

        5.   Identification of each person present; and

        6.   The source of your knowledge.

If any of these Interrogatories cannot be answered in full, you are to answer to the extent possible, using an estimate if exact figures or detailed records are not available and specifying that an estimate rather than exact figures or statements have been used.

     J.     If you claim that any documents are lost or destroyed, identify and describe each document by date, author and recipient, and provide a brief summary of its contents.

     K.     "Referring to," "with respect to" or "regarding" or a similar term or implication shall mean and include:  relating to, concerning, concerns, refers to, alludes to, responds to, relates to, is in respect of, is about, regards, discusses, shows, describes, reflects, analyzes or constitutes, regardless of whether such matter tends to substantiate or refute that matter or tends to make the existence of any fact of consequence to the determination of this cause more probable or less probable than it would be without the existence of such document, communication or person, etc.

L.      If you assert a privilege (e.g., attorney-client) or otherwise refuse to answer part of any of the following Discovery Requests, you are to answer the remainder of such Discovery Requests, and, in the case of assertion of a privilege, to identify each document, person or communication upon which you base your assertion of privilege or other objection, and to identify each document, person, communication or fact which might tend to refute the existence or validity of such privilege or other objection, or which might tend to substantiate the waiver or non-existence of the privilege or other objection (e.g., identity of each person who has had access to some or all of the matters that would be responsive to the unanswered portion of the discovery requests).

If you claim that any documents are privileged, you must:

1. Identify each document by date, author and recipient;

2. Identify each person (other than stenographer or clerical assistants) participating in the preparation of the document;

3. Identify each person to whom the contents of the document have been communicated by copy, exhibition, reading or summarization;

4. Provide a brief summary of its contents;

5. State the privilege or privileges asserted; and

6. Describe the factual basis of the claim of privilege in sufficient detail so that the Court may adjudicate the validity of the claim.

## **REQUESTS FOR PRODUCTION**

1.      Please produce all USB or portable media drives owned or provided by Stardock, or which contain documents or other electronic information prepared or created by you or

others in the course of your employment at Stardock, including but not limited to the following serial numbers:

1.  021211210A68C801
2.  0411410097BBD200
3.  04131100DFC66E02
4.  070831000BB39500
5.  0709210039A72800
6.  07132701304C8F01
7.  0713360123542D00
8.  071337010BDCA100
9.  071407013F3DFF00
10. 07142000D113C202
11. 0714500167428201
12. 0810280080CF4200
13. 0810280080CF5201
14. 0810.100024E3E02
15. 08114000C2BE0401
16. 08121400E1919903
17. 112129003D45CA02
18. 1210580045BA5702
19. 1211180058B19103
20. 201650004016CC01
21. 2016500040170B02
22. 20165000409B1F05
23. 2017450072294700
24. 201749048E6ACB05
25. 201815008E501102
26. 201816008F192D06
27. 20182704B0CC8A04
28. 20185904CE650201
29. 20190404D3097B02
30. 20190404D3101F05
31. 20191900C8C35302
32. 20193404EE9DDD02
33. 20193604EFC57A04
34. 2019470009ECA601
35. 20195200E6C96B01
36. 202020002889BF02
41. 21101403FC43DD07
42. 21101403FC481308
43. 21101403FC4B7E09
44. 21101503FD052A10
45. 21101503FD073D11
46. 21101503FD0A8912
47. 2110170326837700
48. 2110190400C89A13
49. 2110200329E0606
50. 2110200329393100
51. 2110300822D01505
52. 2110350827265F08
53. 211105042A90D506
54. 211105042A912307
55. 211105042A912307
56. 211105042ADF6205
57. 211107042C5DF409
58. 2111283351ADE800
59. 2112460487832400
60. 21125704917D6712
61. 21131508B97C1F08
62. 21131508B9B9BB07
63. 21135103EA521D02
64. 211446090CBC6B07
65. 2115140436AC4207
66. 2115230012A57006
67. 21180600C72F6C02
68. 21185600D5A2FA08
69. 2119320A12906105
70. 211942010044BC02
71. 2120060115E5E809
72. 221031042E66B405
73. 221106087A794B06
74. 221605000769D909
75. 221629001D33FB01
76. 221720004C950F08

37. 202026051DE0E604
38. 21101203FAB13704
39. 21101203FAB42505
40. 21101203FAB69606

77. 5f466661bd12e0
78. AA04012700021787
79. CCCBBB999999
80. d274e00f21bb

**ANSWER:**

2.  Please produce any and all communications involving, between, or among any of the parties or non-party to this litigation, with respect to the subject matter of any claim and/or defense asserted in this litigation.

**ANSWER:**


3.  Please produce any and all documents (written, electronic, or otherwise) in your possession which were prepared or created by you or others in the course of your employment at Stardock.

**ANSWER:**

4.  With regard to the employer listed in your Answer to Interrogatory #2, please produce any and all correspondence (written, electronic, or otherwise) and/or other related documents including, but not limited to, resumes, cover letters, employment applications, job listings or advertisements, employment references, interview notes, offer letters, and all employment-related correspondence.

**ANSWER:**

5. Please produce any and all documents referenced, referred to, or otherwise relied upon in responding to Plaintiff's Interrogatories and Requests for Admission, which were served simultaneously with these Requests for Production.

**ANSWER:**

6. Please produce any and all documents on which you intend to rely to support any claims or defenses in this litigation.

**ANSWER:**

7. Please produce any and all computers, hard drives, flash drives, and any other electronic data storage devices owned or used by you at any time during your employment with Stardock to the present.

**ANSWER:**

8. Please produce any and all documents regarding and/or relating to Stardock's trade shows.

**ANSWER:**

9. Please produce any and all documents regarding, relating and/or referring to any and all products made or distributed by Stardock.

**ANSWER:**

10. Please produce any and all reports and other documents relating to web analytics and/or marketing data created by you or anyone else for Stardock.

**ANSWER:**

Respectfully submitted,
ASKER PERLMUTER, PLC


Date: May 10, 2013

   /s/ Stacy Jitianu
Stacy Jitianu (P74873)
Asker Perlmuter, PLC
Attorneys for Plaintiff
32000 Northwestern Highway, Suite 275
Farmington Hills, Michigan 48334
(248) 419-5400
SJitianu@AskerPerlmuter.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 10, 2013, a copy of the foregoing paper was served upon counsel for Defendant by mailing to the following address via first class mail:

Law Offices of Thomas R. Warnicke, PLLC
30903 Northwestern Highway, Suite 250
Farmington Hills, MI 48334

I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

By:   __/s/ Stacy Jitianu_____
Stacy Jitianu (P74873)
Asker Perlmuter, PLC
Attorneys for Plaintiff
32000 Northwestern Highway, Suite 275
Farmington Hills, Michigan 48334
(248) 419-5400
SJitianu@AskerPerlmuter.com

Dated: May 10, 2013

## UNITED STATES DISTRICT COURT
## IN THE EASTERN DISTRICT OF MICHIGAN

**STARDOCK SYSTEMS, INC.,**
    a Michigan corporation,

        Plaintiff,

v.

**ALEXANDRA MISETA,**
    an individual,

        Defendant.

Case No. 2:12-cv-13345-PJD-RSW
Hon. Patrick J. Duggan

---

| | |
|---|---|
| Paul P. Asker (P45098) | Thomas R. Warnicke (P47148) |
| Stacy L. Jitianu (P74873) | Law Offices of Thomas R. Warnicke, PLLC |
| Asker Perlmuter, PLC | Attorneys for Defendant |
| Attorneys for Plaintiff | 30903 Northwestern Highway, Suite 250 |
| 32000 Northwestern Highway, Ste. 275 | Farmington Hills, MI 48334 |
| Farmington Hills, MI 48334 | (248) 930-4411 |
| (248) 419-5400 | |

                                                               /

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR ADMISSION TO DEFENDANT

    NOW COMES Plaintiff Stardock Systems, Inc. ("Plaintiff"), by and through its counsel

ASKER PERLMUTER, PLC, and hereby submits its first Interrogatories and Requests for

Admission to Defendant Alexandra Miseta ("Defendant"):

### INSTRUCTIONS AND DEFINITIONS

    The following Interrogatories are submitted pursuant to Fed. R. Civ. P. 33. Defendant is

required to answer the Interrogatories within thirty (30) days, and furnish in detail and in full, all

knowledge and information in answer thereto which is available to Defendant or which may be

obtained by Defendant from her attorneys, agents, representatives, sureties or indemnitors or

others who are in possession or who may have obtained information for or on behalf of

1

Defendant. Defendant shall repeat each Interrogatory or sub-question immediately before the corresponding answer. The answers must be signed by Defendant under oath.

The following Requests for Admission are made pursuant to Fed. R. Civ. P. 36. Defendant is required to answer the Requests for Admission within thirty (30) days, and furnish in detail and in full, all knowledge and information in answer thereto which is available to Defendant or which may be obtained by Defendant from his/her attorneys, agents, representatives, or others who are in possession or who may have obtained information for or on behalf of Defendant. Defendant shall repeat each Request for Admission immediately before the corresponding answer. The answers must be signed by Defendant under oath.

An Interrogatory or Request for Admission (hereinafter, "Discovery Request") which refers to any correspondence or other Documents between Defendant and any other person shall be deemed to refer to any correspondence or other Documents between Defendant or any employee, agent, representative, insurance company and/or attorney of such Defendant and such other person(s) or their agents, representatives, insurance companies and/or attorneys. Documents shall be produced as they are kept in the normal course of business and shall be organized and labeled to correspond with the categories in the instructions and requests of this Discovery Request. Defendant shall supplement their responses in accordance with Fed. R. Civ. P. 26(a)(2)(D) and 26(e).

When used in this Discovery Request, the following terms shall have the following meanings:

A.     "Plaintiff" or "Stardock" refers to, unless otherwise specified, Plaintiff Stardock Systems, Inc., and any subsidiaries, parent companies, agents, employees, or contractors.

2

B.      "Defendant", "Ms. Miseta", "you" or "your" refers to, unless otherwise specified, Alexandra Miseta.

C.      "Mr. Wardell" refers to, unless otherwise specified, Brad Wardell.

D.      "Elemental" refers to, unless otherwise specified, the computer game "Elemental: War of Magic."

E.      The term "describe in detail" means:

      1.      Describe fully by reference to underlying facts rather than by reference to ultimate facts or conclusions of fact or law;

      2.      Where applicable, particularize as to:  (a) time; (b) place, and (c) manner; and

      3.      Set forth all relevant facts necessary to a complete understanding of the act, process, event or thing in question.

F.      The term "document" shall mean all writings and other printed matter of every kind, including, but not limited to, books, records, manuals, statements, minutes, letters, correspondence, memoranda, reports, lists, studies, surveys, directives, agreements, contracts, print-outs, telegrams, teletypes, telexes, telefaxes, pamphlets, notes, messages, bulletins, diary and calendar entries, maps, charts, medical records, medical charts, brochures, graphics, tabulations, press releases, address books, ledgers, invoices, bills, work sheets, trip reports, receipts, returns, prospectuses, financial statements, tax returns, schedules, affidavits, applications, resumes, canceled checks, checkbooks, check stubs, check ledgers, transcripts, statistics, magazine or newspaper articles or advertisements, releases, test reports and records of meetings, conferences, telephone conversations, or other conversations or communications (including any and all drafts, alterations and modifications, changes and amendments of any of the foregoing).

3

The term "document" shall also include non-printed matter such as voice recordings and reproductions, film impressions, photographs, negatives, slides, microfilms, microfiches, other things that document or record ideas, words or impressions.

The term "document" shall also include all punch cards, tapes, discs, or records used in electronic data processing, together with the programming instructions and other written materials necessary to understand or use such punch cards, tapes, discs, or other records, and further includes data or data compilations in electronic or other form that can be printed out or reproduced to readable or usable form through proper programming or decoding of the electronic or mechanical data storage facility.

G.      When identification of any person is requested, give such person's:

      1.      Name;

      2.      Current address;

      3.      Current telephone number; and

      4.      Employer, if any.

H.      "Person" or "person(s)" includes any individual, corporation, partnership, group, association or any other organization or entity.

I.      "Identify" shall mean as follows:

      1.      When used in reference to a person,

            (a)      if a natural person, to state his or her full name, his or her last known home address and telephone number, his or her last known business address and telephone number, his or her last known business and his or her last known employer and position.

4

(b)     if other than a natural person, to state its full name, type of entity (e.g., corporation, limited liability company, partnership, joint venture, sole proprietorship, etc.), its last known address and telephone number, the nature of its business, and identify the person in charge of the principal office.

2.      When used in reference to a document, to state the type of document (e.g., letter, memorandum, telegram, chart, etc.), its date and to identify each person who prepared it, who received it, who executed it, and who presently has possession, custody, or control of it, or, if none, who last had possession, custody or control of it, and a description of its contents. In lieu of such identification, you may produce such documents for inspection and copying at the time you file Answers to these Discovery Requests; provided, however, that all documents produced shall be segregated and identified by the Discovery Requests to which they are primarily responsive.

3.      When used in reference to a communication, to state the manner of the communication (e.g., personal meeting, telephone conversation, in writing) and:

(a)     If it is a personal meeting:

(i)     state the date on which the meeting occurred;

(ii)    state the place at which the meeting occurred;

(iii)   identify the person at whose insistence the meeting occurred; and

(iv)    identify the persons present at the meeting.

(b)     If a telephone conversation:

(i)     state the date on which the conversation occurred;

5

      (ii)     identify the person who initiated the conversation by telephone;

      (iii)     identify the persons who participated in the conversation; and

      (iv)     the telephone numbers of all phones used in the conversation.

    (c)     If in writing, identify the document.

    (d)     Describe in detail the substance of the communication including its subject matter, purpose and result.

    (e)     Identify all documents which contain information about, refer or relate to the communication (other than the writing referred to in subparagraph (c)).

    4.     When "identify" is used in reference to anything other than "document", "person" or "communication" or when the following Requests ask you to "describe", "state", "explain", "define", or to do something of similar implication, state every fact which concerns or is connected with any such thing. Specifically, explain fully any reference to underlying facts rather than by reference to ultimate facts or conclusions of fact or law; where applicable, particularize as to time, place, and manner; and set forth all facts necessary to the complete understanding of the act, process, event or thing in question.

    J.     When requested to state the factual basis of any allegation, identify each occurrence, incident, event or fact upon which you rely to support such allegation, including:

    1.    The date;

    2.    The place;

    3.    The substance of each occurrence, incident, event and fact;

4. Identification of each person who participated in the occurrence, incident, event and fact;

5. Identification of each person present; and

6. The source of your knowledge.

If any of these Interrogatories cannot be answered in full, you are to answer to the extent possible, using an estimate if exact figures or detailed records are not available and specifying that an estimate rather than exact figures or statements have been used.

K.      If you claim that any documents are lost or destroyed, identify and describe each document by date, author and recipient, and provide a brief summary of its contents.

L.      "Referring to," "with respect to" or "regarding" or a similar term or implication shall mean and include: relating to, concerning, concerns, refers to, alludes to, responds to, relates to, is in respect of, is about, regards, discusses, shows, describes, reflects, analyzes or constitutes, regardless of whether such matter tends to substantiate or refute that matter or tends to make the existence of any fact of consequence to the determination of this cause more probable or less probable than it would be without the existence of such document, communication or person, etc.

M.      If you assert a privilege (e.g., attorney-client) or otherwise refuse to answer part of any of the following Discovery Requests, you are to answer the remainder of such Discovery Requests, and, in the case of assertion of a privilege, to identify each document, person or communication upon which you base your assertion of privilege or other objection, and to identify each document, person, communication or fact which might tend to refute the existence or validity of such privilege or other objection, or which might tend to substantiate the waiver or non-existence of the privilege or other objection (e.g., identity of each person who has had

7

access to some or all of the matters that would be responsive to the unanswered portion of the discovery requests).

If you claim that any documents are privileged, you must:

1. Identify each document by date, author and recipient;

2. Identify each person (other than stenographer or clerical assistants) participating in the preparation of the document;

3. Identify each person to whom the contents of the document have been communicated by copy, exhibition, reading or summarization;

4. Provide a brief summary of its contents;

5. State the privilege or privileges asserted; and

6. Describe the factual basis of the claim of privilege in sufficient detail so that the Court may adjudicate the validity of the claim.

**INTERROGATORY #1:** Please state your:

a. full name;

b. birth date;

c. current address; and

d. any other names which you have ever used or been known by.

**ANSWER:**


**INTERROGATORY #2:**

Please state the name of the company with whom you were employed directly after your departure from Stardock and include:

a. employer's address;

b.  your position with said employer;

c.  the initial date which you discovered, inquired about, applied for, or were contacted regarding the position;

d.  a description of the source from which you learned of the position;

e.  the names, addresses, telephone numbers and current employers of any persons who interviewed, trained or supervised you;

f.  the dates on which you were interviewed for this position;

g.  the date on which you were offered this position; and

h.  the manner in which you were offered this position.

**ANSWER:**


**INTERROGATORY #3:**

Please identify any and all of your responsibilities with respect to the promotion and marketing of Elemental.


**REQUEST FOR ADMISSION #1**

Admit that you were seeking other employment prior to your departure from Stardock, which occurred on or about August 3, 2010.

**ANSWER:**


**INTERROGATORY #4:**

If your Answer to Request for Admission #1 was anything other than an unqualified admission, please explain the facts which support your Answer.

**ANSWER:**

**REQUEST FOR ADMISSION #2**

Admit that you had obtained an offer for other employment prior to August 3, 2010.

**ANSWER**:

**INTERROGATORY #5:**

If your Answer to Request for Admission #2 was anything other than an unqualified admission, please explain the facts which support your Answer.

**ANSWER:**

**REQUEST FOR ADMISSION #3**

Admit that you accessed Stardock's computer system and all files saved therein on or about August 3, 2010.

**ANSWER**:

**INTERROGATORY #6:**

If your Answer to Request for Admission #3 was anything other than an unqualified admission, please explain the facts which support your Answer.

**ANSWER:**

**REQUEST FOR ADMISSION #4**

10

Admit that when you accessed Stardock's computer system and all files saved therein on August 3, 2010, you had decided to terminate your employment with Stardock.

**ANSWER**:


**INTERROGATORY #7:**

If your Answer to Request for Admission #4 was anything other than an unqualified admission, please explain the facts which support your Answer.

**ANSWER:**


**REQUEST FOR ADMISSION #5**

Admit that you did not access Stardock's computer system and all files saved therein on August 3, 2010 for the purposes of performing any work for Stardock.

**ANSWER**:


**INTERROGATORY #8:**

If your Answer to Request for Admission #5 was anything other than an unqualified admission, please explain the facts which support your Answer.

**ANSWER:**


**REQUEST FOR ADMISSION #6**

Admit that you deleted, destroyed, or otherwise removed certain Elemental marketing or promotional materials from Stardock's computer system prior to your departure from Stardock.

**ANSWER:**

11

**INTERROGATORY #9:**

If your Answer to Request for Admission #6 was anything other than an unqualified admission, please explain the facts which support your Answer.

**ANSWER:**

**REQUEST FOR ADMISSION #7:**

Admit that you deleted, destroyed, or otherwise removed certain information relating to trade and marketing shows which you attended or planned to attend in the future from Stardock's computer system prior to your departure from Stardock.

**ANSWER:**

**INTERROGATORY #10:**

If your Answer to Request for Admission #7 was anything other than an unqualified admission, please explain the facts which support your Answer.

**ANSWER:**

**REQUEST FOR ADMISSION #8:**

Admit that you deleted, destroyed, or otherwise removed marketing data, web analytics, and related reports from Stardock's computer system prior to your departure from Stardock.

**ANSWER:**

**INTERROGATORY #11:**

If your Answer to Request for Admission #8 was anything other than an unqualified admission, please explain the facts which support your Answer.

**ANSWER:**

**REQUEST FOR ADMISSION #9:**

Admit that you when you accessed Stardock's computer system and all files saved therein on August 3, 2010, you did so with the intention of deleting, destroying, or otherwise removing property of Stardock.

**ANSWER:**

**INTERROGATORY #12:**

If your Answer to Request for Admission #9 was anything other than an unqualified admission, please explain the facts which support your Answer.

**ANSWER:**

**REQUEST FOR ADMISSION #10:**

Admit that you failed to return to Stardock the laptop computer you used while you were employed at Stardock.

**ANSWER:**

**INTERROGATORY #13:**

If your Answer to Request for Admission #10 was anything other than an unqualified admission, please explain the facts which support your Answer.

**ANSWER:**


**REQUEST FOR ADMISSION #11:**

Admit that after your departure from Stardock, you failed to return to Stardock or kept certain USB drives containing documents or other electronic information prepared or created by you or others in the course of your employment at Stardock.

**ANSWER:**


**INTERROGATORY #14:**

If your Answer to Request for Admission #11 was anything other than an unqualified admission, please explain the facts which support your Answer.

**ANSWER:**


**INTERROGATORY #15:**

Please list any and all facts supporting Paragraph 33 of Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses, wherein you allege "[a]lthough Defendant engaged in side business during her employment with Plaintiff, her doing so did not violated [sic] any of Plaintiff's policies or rules."

**ANSWER:**


14

**INTERROGATORY #16:**

Please list any and all employees who had "full access to Elemental marketing materials" as alleged in Paragraph 56 of Defendant's Answer to Plaintiff's Complaint and Affirmative Defenses.

**ANSWER:**


**INTERROGATORY #17:**

As required by MCR 2.111(f)(3), state the FACTS constituting Defendant's Affirmative Defense #5, which states that Defendant acted at all times within the bounds of good faith.

**ANSWER:**


**INTERROGATORY #18:**

As required by MCR 2.111(f)(3), state the FACTS constituting Defendant's Affirmative Defense #7, which states that Plaintiff has failed to mitigate its alleged damages.

**ANSWER:**


**INTERROGATORY #19:**

As required by MCR 2.111(f)(3), state the FACTS constituting Defendant's Affirmative Defense #9, which states that the proximate cause of any injury of damages to Plaintiff, if any, was not the action of Defendant.

**ANSWER:**

15

**INTERROGATORY #20:**

As required by MCR 2.111(f)(3), state the FACTS constituting Defendant's Affirmative Defense #12, which states that Plaintiff is estopped from bringing or maintaining its Complaint by reason of its own actions, omissions, statements, and/or conduct and the doctrine of unclean hands.

**ANSWER:**

**INTERROGATORY #21:**

As required by MCR 2.111(f)(3), state the FACTS constituting Defendant's Affirmative Defense #14, which states that Plaintiff's Complaint is barred because Plaintiff failed to take advantage of preventative/corrective opportunities provided or to avoid harm.

**ANSWER:**

Respectfully submitted,
ASKER PERLMUTER, PLC

Date: May 10, 2013

/s/ Stacy Jitianu
Stacy Jitianu (P74873)
Asker Perlmuter, PLC
Attorneys for Plaintiff
32000 Northwestern Highway, Suite 275
Farmington Hills, Michigan 48334
(248) 419-5400
SJitianu@AskerPerlmuter.com

16

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 10, 2013, a copy of the foregoing paper was served upon counsel for Defendant by mailing to the following address via first class mail:

Law Offices of Thomas R. Warnicke, PLLC
30903 Northwestern Highway, Suite 250
Farmington Hills, MI 48334

I declare under the penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

By:    /s/ Stacy Jitianu
       Stacy Jitianu (P74873)
       Asker Perlmuter, PLC
       Attorneys for Plaintiff
       32000 Northwestern Highway, Suite 275
       Farmington Hills, Michigan 48334
       (248) 419-5400
       SJitianu@AskerPerlmuter.com

Dated: May 10, 2013

17

# EXHIBIT 2

| | |
|---|---|
| **From:** | Alexis Leader |
| **To:** | Paul Asker; Stacy Iitianu |
| **Cc:** | Tom Warnicke; Amber Rouse |
| **Subject:** | Stardock v Miseta |
| **Date:** | Monday, June 10, 2013 4:12:58 PM |
| **Attachments:** | Defendant Miseta"s Answer to Plaintiff"s First Interrogatories and RTAs to Defendant 6-10-13.pdf |
| | Defendant Miseta"s Answer to Plaintiff"s First RTPs to Def 6-10-13.pdf |

Dear Counselors:

Attached please find the following:

1. Defendant's Answer to Plaintiff's First Interrogatories and Requests for Admission to Defendant; and
2. Defendant's Answer to Plaintiff's First Requests for Production of Documents to Plaintiff.

As you will see, Ms. Miseta was unavailable to sign the interrogatories, however has given her consent for us to do so. Moreover, we will be producing her original signed verification page shortly.

I kindly request that you please confirm receipt.

Sincerely,

Alexis Leader
Paralegal to Thomas R. Warnicke
Law Offices of Thomas R. Warnicke, PLLC
16291 W. 14 Mile Road, Suite 21
Beverly Hills, MI 48025
(248) 930-4411
email: alexis@warnickelaw.com

The information contained in this message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution, use or copying of this message is strictly prohibited. If you have received this message in error, please immediately notify the sender by replying to his/her e-mail address noted above and delete the message. Thank you.