UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STARDOCK SYSTEMS, INC.,

    Plaintiff,                                 Case No. 12-13345

v.                                                  Hon. Patrick J. Duggan

ALEXANDRA MISETA,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION

This case arises out of a now terminated employment relationship between Defendant Alexandra Miseta and her former employer Plaintiff Stardock Systems, Inc. On May 8, 2013, this Court denied Defendant's Motion for Summary Judgment, or in the Alternative, Motion to Compel Arbitration, finding that the claims limitation provision and mandatory arbitration provision contained in the parties' employment agreement applied only to Defendant Miseta. On May 22, 2013, Defendant filed a Motion for Reconsideration pursuant to Eastern District of Michigan Local Rule 7.1(h), and this Motion, which seeks reconsideration of the Court's ruling with respect to the arbitration provision, is presently before the Court.

Eastern District of Michigan Local Rule 7.1(h) states the grounds for granting a motion for reconsideration; it provides:

> The movant must [1] not only demonstrate a palpable defect [2] by which the court and the parties have been misled but also [3] show that correcting the defect will cause a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citation omitted). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). The purpose of a motion for reconsideration is not "'to give an unhappy litigant one additional chance to sway the judge.'" *Pakideh v. Ahadi*, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000) (quoting *Durkin v. Taylor*, 444 F. Supp. 879, 889 (E.D. Va. 1977)).

    Miseta argues that this standard has been satisfied because (1) Stardock's "assertion that it was not bound by 'Section 7.06 – Binding Arbitration' to bring its claims against Defendant in binding arbitration constituted a palpable defect [(2)] which misled this Court." (Def.'s Br. 2.) Moreover, if the defect is corrected, (3) a "different disposition" of the case "necessarily results" because Stardock would be required "to submit [its] claims to binding arbitration[.]" (*Id.*) This line of argumentation, however, amounts to nothing more than an attempt by Miseta to have this Court revisit its initial ruling.

Miseta contends that Stardock's argument that it was not bound by the arbitration provision and the Court's agreement with that argument constitutes a palpable defect. In support, Miseta points to the following language in effort to demonstrate that the arbitration provision was binding upon both parties:

> Stardock or an employee must make a written demand for arbitration within six (6) months after the claim, dispute or controversy arises, by sending written notice of demand to arbitrate to the American Arbitration Association, together with a copy to the other party.

(Def.'s Br. 2 (quoting Section 7.06 – Binding Arbitration provision) (emphasis removed).) According to Miseta's interpretation, the language providing that Stardock must make a written demand for arbitration within six months establishes that Stardock is bound by the arbitration provision. The Court disagrees. When read in context, this sentence merely sets forth a corrective procedure by which Stardock can enforce an employee's obligation to submit claims to arbitration should the employee initiate an action in a non-arbitral setting. It also delineates the process by which an employee may invoke his or her right to arbitrate disputes against Stardock.

Miseta has failed to demonstrate the existence of a palpable defect and has wholly failed to explain how the Court was misled. While it is true that Stardock argued that it was not bound by the arbitration provision in opposing Miseta's Motion for Summary Judgment or, in the Alternative, Motion to Compel, the

Court's Opinion and Order denying Miseta's Motion shows that the Court independently analyzed the language at issue before concluding that Stardock was not required to arbitrate claims it had against Miseta.[1]

In sum, Miseta's reconsideration motion lacks merit. Not only has Miseta failed to satisfy the prerequisites to the granting of such a motion as delineated in Local Rule 7.1(h)(3), but the motion fails to appreciate that "the court will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). In its May 8, 2013 Opinion and Order Denying Defendant's Motion for Summary Judgment, or in the Alternative, Motion to Compel Arbitration, the Court expressly found that "the lack of reciprocal language [in Section 7.06]

---

[1] Although Miseta has failed to establish the existence of the first two elements of the reconsideration standard set forth in Local Rule LR 7.1(h)(3), the Court notes that Miseta's contention that a correction of the purported defect on reconsideration would cause a different disposition of the case, (Def.'s Br. 2), is incorrect. In responding to Miseta's Motion for Summary Judgment, or in the Alternative, Motion to Compel, Stardock pointed out that *even if* Stardock was bound to arbitrate pursuant to Section 7.06, Miseta waived her right to do so by failing to file a written demand for arbitration within the six-month period provided in the agreement. (Pl.'s Resp. to Def.'s Mot. Summ. J. 15, ECF No. 17.) The Court's finding that Stardock was not bound by Section 7.06 negated the need to address this argument, which the Court pointed out in its Opinion and Order. (ECF No. 24 at 12 n.7.) However, if the claim arose on July 30, 2012, which is the date Stardock filed its Complaint, Miseta had until January 31, 2013 to file a demand for arbitration. There is no evidence Miseta made such a demand and as such, even if the Court reversed course and determined that the arbitration provision applied to Stardock's claims against Miseta, the disposition of the previous motion would remain unchanged.

imposing any correlative duty on Stardock translates into an unambiguous intent that Stardock not be bound by the arbitration agreement." (ECF No. 24 at 12.) That Miseta was dissatisfied with this finding does not mean that reconsideration is proper.

Accordingly,

**IT IS ORDERED** that Defendant Alexandra Miseta's Motion for Reconsideration, (ECF No. 27), is **DENIED**.

Date: July 10, 2013

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:

**Paul P. Asker, Esq.**
**Thomas R. Warnicke, Esq.**